SCHOONOVER, Acting Chief Judge.
Integon Life Insurance Corporation (In-tegon) appeals a summary judgment in favor of Louis Zammito (Zammito). We find that the trial court erred in holding that Zammito was not indebted to Integon and, accordingly, reverse.
The dispute between the parties concerns the interpretation of an advance commission and loan agreement entered into by the parties at the time Zammito became an insurance agent for Integon. Pursuant to the agreement, Integon was given the option of advancing commissions and loaning money to Zammito. The agreement provided that any funds advanced to Zammito that were not subsequently earned by him would be deemed a loan and would be repaid to Integon by Zammito. Zammito subsequently assigned to Marketing Services of America, Inc. (Marketing) his right to *49 all commissions, renewal and service fees, and any other remuneration as it became due and payable under the terms of the agreement.
After the parties terminated their relationship, Integon filed suit against Zammi-to seeking to recover the amounts advanced and loaned to him. Zammito took the position that, because of the assignment to Marketing, he had not received any advances or loans and, therefore, was not obligated to repay anything to Integon.
Cross-motions for summary judgment were denied, and the matter was submitted to the trial court on stipulated facts and affidavits. The parties stipulated that pursuant to the assignment, Integon paid all commissions, otherwise payable to Zammi-to, to Marketing and paid nothing to Zam-mito. They stipulated further that if Zam-mito is indebted to Integon, the amount due is $48,034 plus interest. In Zammito’s affidavit, he stated that he understood the agent’s advance commission and loan agreement as limiting his liability to Integ-on solely to those amounts advanced to him and did not understand it to mean he was liable for repaying amounts advanced either to him or to his assignees.
Even though the matter had been heard as a nonjury trial, the court entered a summary judgment in favor of Zammito. This timely appeal followed.
Integon contends that by advancing funds and paying commissions to Marketing, it did exactly what Zammito asked it to do by his assignment. Integon further contends that the fact Zammito was never paid by Marketing is not its concern. We agree.
The agreement entered into between the parties was clear and certain. It is presumed, therefore, that the whole agreement and extent of the parties’ undertaking is contained in that agreement. Gendzier v. Bielecki, 97 So.2d 604 (Fla. 1957). The fact that Zammito did not understand the clear language of the agreement and would not have entered into the agreement if he had, is therefore immaterial. Gendzier. The funds paid by Integon pursuant to the agreement were paid because of the mutual rights and obligations of the parties. The fact that the funds were delivered to another person at the request of Zammito had no effect on Zam-mito’s obligation to repay any excess advances. We, accordingly, reverse and remand with instruction to enter a judgment for Integon in the amount of $48,034 plus interest and attorney’s fees as called for in the agreement.
Reversed and remanded.
LEHAN and SANDERLIN, JJ., concur.